UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANAN ILYAS,

                              Plaintiff,

                -v-

DASHLANE USA, INC., *et al.*,

                              Defendants.

25-CV-6621 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Manan Ilyas brings claims of employment discrimination under the Americans with Disabilities Act (the "ADA"), New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL"), the Family and Medical Leave Act ("FMLA"), and Title VII of the Civil Rights Act of 1964 ("Title VII") against several defendants, among them Suzanne Larkins and Rita Minderico (the "Moving Defendants").  (ECF No. 10.)  Now before the Court is the Moving Defendants' motion to dismiss the complaint for improper service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).  (ECF No. 23.)  For the reasons that follow, the Moving Defendants' motion to dismiss is denied.

## I.    Background and Procedural History

Ilyas filed his original complaint in the Supreme Court of New York, County of New York, on May 12, 2025, followed by an amended complaint on July 30, 2025.  (ECF No. 1 ¶ 1.)  On August 11, 2025, Defendant Dashlane USA, Inc. removed the action to federal court (*see generally id.*), and on September 3, 2025, Ilyas refiled his operative complaint on this Court's docket (ECF No. 10).  Shortly thereafter, Ilyas filed an affidavit of service stating that service had been completed as to the Moving Defendants because a process server had (1) personally delivered the summons and complaint to an employee at 44 W 18th St., New York, NY 10011,

1

which is Dashlane's headquarters, and (2) mailed the summons and complaint by first class mail to the Moving Defendants at the same address. (*See generally* ECF No. 16; ECF No. 10 ¶ 8.)

On October 6, 2025, the Moving Defendants filed a motion to dismiss the complaint for improper service of process pursuant to Rule 12(b)(5) and filed an accompanying memorandum in support. (ECF No. 23; ECF No. 24.) Ilyas opposed the motion on December 3, 2025 (ECF No. 33 ("Opp.")), and the Moving Defendants filed their reply the next day (ECF No. 34 ("Reply")).

## II.      Legal Standard

A defendant may move to dismiss a complaint under Rule 12(b)(5) for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). "When a defendant challenges service of process, the burden of proof is on the plaintiff to show the adequacy of service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) (quotation marks omitted). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). Although the Court may dismiss an action "[i]f service of process was not sufficient, . . . dismissal is not mandatory." *Id.*

## III.     Discussion

### A.      Whether Service Was Proper

"Where an action is removed to federal court before the plaintiff accomplishes service of the initial complaint, Federal Rule of Civil Procedure 4 governs service of process." *Blau v. Allianz Life Ins. Co. of N. Am.*, 124 F. Supp. 3d 161, 183 (E.D.N.Y. 2015) (citing Fed. R. Civ. P. 81(c) and 28 U.S.C. § 1448). Rule 4(e)(1) allows service of process to be effectuated according to the rules of the state where the district is located or where service is made. Fed. R. Civ. P.

4(e)(1).  Ilyas contends that he has properly served the Moving Defendants pursuant to N.Y.C.P.L.R. § 308(2).  (Opp. at 5.)  Under this provision, service on a natural person may be accomplished "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and . . . by mailing the summons by first class mail to the person to be served at his or her actual place of business" within twenty days of the delivery.  N.Y.C.P.L.R. § 308(2).

The crux of the parties' dispute is whether Dashlane's New York headquarters—to which the summons and complaint were delivered and mailed—is the Moving Defendants' "actual place of business."  "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her with that place of business."  *Velez v. Vassallo*, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002) (quotation marks omitted).  "New York case law requires that a defendant's actual place of business be a place where he is physically present and conducts business with some regularity."  *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Forman 635 Joint Venture*, No. 94-CV-1312, 1996 WL 272074, at *2 (S.D.N.Y. May 21, 1996).

Here, the facts make plain that Dashlane's New York office is not the Moving Defendants' "actual place of business."  Larkins, who is Dashlane's Director of Knowledge and Self-Service Strategy, works remotely and does not live in the New York City area.  (ECF No. 25 ¶¶ 1-3.)  Minderico, who is a Senior People Partner for Dashlane, works remotely from Lisbon, Portugal.  (ECF No. 26 ¶¶ 1, 3.)  As they attest in their declarations, the Moving Defendants have no dedicated office spaces in the New York office, do not regularly conduct business or visit the New York office, do not "own or operate" Dashlane's New York office, and

have not held themselves out as being part of the New York office.  (ECF No. 25 ¶¶ 4-7; ECF No. 26 ¶¶ 4-7.)

Ilyas does not dispute these factual averments, but retorts that, because the Moving Defendants occupy senior roles within Dashlane, their "work necessarily runs through Dashlane's headquarters" in New York.  (Opp. at 5-6.)  He also points to allegations in his complaint suggesting that the Moving Defendants "regularly . . . transact[] business with and through [] Dashlane's New York City headquarters"—presumably by, for example, attending Zoom calls with employees who were in the New York office.  (*Id.* at 7; *see* ECF No. 10 ¶¶ 67, 69.)  But the complaint does not allege that the Moving Defendants were ever physically present in the New York office.  And such attenuated connections cannot convert the New York office into the Moving Defendants' "actual place of business" where the undisputed facts indicate that neither defendant has an office in New York, regularly conducts business in New York, or visits the New York office.  The fact that the Moving Defendants occupy senior roles in the company does not alter this outcome:  Courts in this circuit have rejected service as improper when effectuated at an office that is not a defendant's "actual place of business," even when that defendant occupies a high-level role in the company.  *See, e.g.*, *Warshun v. New York Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 266 (E.D.N.Y. 2013) (rejecting service as improper where the defendants, "while high-level officials of NYCB, do not have offices in the Islandia branch; do not regularly come to that location; and do not perform their duties at that branch").

Separately, Ilyas argues that service should be deemed proper because the Moving Defendants have received actual notice of the lawsuit, as evidenced by their filing of this motion to dismiss.  (Opp. at 10.)  But "actual notice is no substitute for valid service of process," and "the fact that [the Moving Defendants] had actual knowledge of the action is not sufficient to

4

deny [their] motion to dismiss." *In re Crysen/Montenay Energy Co.*, 166 B.R. 546, 554 (S.D.N.Y. 1994) (collecting cases); *see also Mopex, Inc. v. Am. Stock Exch., LLC*, No. 02-CV-1656, 2002 WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002) ("[I]t is well-established that defendant's actual notice of the litigation is not sufficient to satisfy the requirements of Rule 4."). Thus, Ilyas has failed to demonstrate that he properly served the Moving Defendants.

### B.    Remedy

Upon removal, Ilyas had ninety days under Rule 4(m) of the Federal Rules of Civil Procedure to serve any defendants not properly served in state court. *See* 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m); *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 356 (N.D.N.Y. 2014) ("The time for service runs from the date of removal to federal court, not from the date that the action was filed in state court."). Where, as here, a defendant is not served within that time period, "the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure [to serve a defendant], the court must extend the time for service for an appropriate period." *Id.* "The Second Circuit has made clear that district courts have discretion to determine whether good cause exists under Rule 4(m)." *Walters v. Suffolk Cnty.*, No. 9-CV-556, 2014 WL 940734, at *3 (E.D.N.Y. Mar. 11, 2014) (collecting cases).

Ilyas argues that good cause exists here because he "diligently attempted service at a location that is both Defendants' actual place of business under CPLR 308 and Dashlane's public headquarters," and because the Moving Defendants have actual notice of the case. (Opp. at 12.) But as the Court explained above, Dashlane's New York office is not the Moving Defendants' actual place of business; nor does the Moving Defendants' actual notice of the lawsuit against them excuse the deficiencies in service. Without more, Ilyas has not shown that his failure to serve the Moving Defendants is supported by good cause. See *Purzak v. Long Island Hous.*

*Servs., Inc.*, No. 12-CV-1747, 2013 WL 5202711, at *4 (E.D.N.Y. Sept. 13, 2013) (Bianco, J.)

("A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute

good cause." (quotation marks omitted)).

"Even in the absence of good cause, however, the [C]ourt may, in its discretion, grant an

extension." *Matos v. City of New York*, No. 10-CV-4558, 2012 WL 7160430, at *3 (E.D.N.Y.

Dec. 3, 2012).  In determining whether to grant such an extension, courts consider: "(1) whether

the applicable statute of limitations would bar a refiled action; (2) whether the defendants had

actual notice of the claims asserted in the complaint; (3) whether the defendants attempted to

conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting

of plaintiff's request for relief from the provision." *Id.*

On balance, these factors favor Ilyas.  At least some of Ilyas's claims against the Moving

Defendants may be time-barred if he were to re-file this action.  Ilyas asserts claims against the

Moving Defendants under the NYSHRL and NYCHRL, each of which has a three-year statute of

limitations.  *See Cannizzaro v. City of New York*, 206 N.Y.S.3d 868, 880 (N.Y. Sup. Ct. 2023).

These time bars may preclude the Court's consideration of certain interactions between Ilyas and

the Moving Defendants, which appear from the complaint to have begun in March 2023 and

which form the basis of some of Ilyas's claims of employment discrimination.  (*See* ECF No. 10

¶¶ 67, 69.)  "Courts have consistently considered the fact that the statute of limitations has run on

a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Carroll v. Certified*

*Moving & Storage, Co., LLC*, No. 04-CV-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19,

2005) (quotation marks omitted); *see also* Advisory Committee Notes for 1993 Amendments to

Fed. R. Civ. P. 4(m) (stating that "[r]elief may be justified, for example, if the applicable statute

of limitations would bar the refiled action").

The remaining factors do not so strongly favor the Moving Defendants as to tip the balance in favor of dismissal.  It is true that nothing in the record suggests that the Moving Defendants attempted to conceal the defects in service.  No party contests, however, that the Moving Defendants have actual notice of this lawsuit and the claims asserted against them. (Reply at 4.)  And although over six months have passed since this case was removed to federal court, any prejudice to the Moving Defendants caused by this delay is mitigated by the fact that the Court has twice extended the deadlines for discovery.  (*See* ECF Nos. 37, 44.)

Accordingly, because the relevant factors counsel in favor of granting Ilyas an extension to perfect service of process, the Court declines to dismiss the case as to the Moving Defendants at this juncture.

## IV.     Conclusion

For the foregoing reasons, the Moving Defendants' motion to dismiss the complaint for improper service is DENIED.  Ilyas shall properly serve the complaint on the Moving Defendants within 30 days of the date of publication of this opinion.

The Clerk of Court is directed to close the motion at Docket Number 23.

SO ORDERED.

Dated: April 9, 2026
        New York, New York

_____
J. PAUL OETKEN
United States District Judge

7